Case number 21-5619, United States of America v. Corey Lanier. Oral argument not to exceed 15 minutes per side. Ms. Salinas, if you'd like to make some opening remarks. Good morning, and may it please the court. I'm Melissa Salinas, and I'm the supervising attorney in this case, and law student Scott McQuidden will be presenting the argument under my supervision. Thank you. May it please the court. I'd like to reserve three minutes for rebuttal. Procedural requirements ensure both that appellate courts can meaningfully review sentencing proceedings and that litigants are treated fairly. I'd like to focus on two areas in which a district court's procedural defects harm defendants like Mr. Lanier. First, the court failed to fulfill its statutory obligation to explain the consecutive nature of the sentences. Second, the court exceeded the scope of its discretion by considering an enhancement which no party raised at any prior stage of litigation. I'd like to begin with the consecutive sentences. In this court's published opinion in Cochrane, the court held that a judge abuses its discretion when it fails to, In this court's published opinion in Baker, this court set out two ways that a court can abuse its discretion in this way. First, if it fails to consider the 3553A factors with respect to the sentences, or if it treats the guidelines as mandatory. The court below has done both. The court's only mention of the consecutive nature of the sentences was that the sentence was, Courts have a statutory obligation under 18 U.S.C. 3584B and that they shall consider the 3553A factors when deciding whether to impose the sentences as concurrent or as consecutive. Now what do we do about the fact that it was the intention of the judge to sentence the defendant within the guideline range, which was 300, I think the low end was 360 miles. How does that impact this particular analysis? Your Honor, the court still has an obligation to explain whether or not the sentences are to run concurrently or are to run consecutively. Even if the sentence is within the guideline ranges, Congress in passing the statute intended for judges to stop and think of whether or not the sentence should actually run consecutively. In this court's published opinion in Michael Johnson, this court held that it was plain error for a judge to fail to show which of the 3553A factors justified the consecutive nature of the sentence. And in this court's opinion in Ross, a judge abused its discretion when considering the 3553A factors with regard to the total length of the sentences, but not with respect to whether the sentences are to run consecutively or concurrently. And the purpose is ultimately in meaningful appellate review. This court needs to ensure that when a court decides to impose sentences consecutively, it stops and considers which of the factors justify this consecutive sentence. Now are you arguing that the court didn't consider the 3553A factors at all or just that it didn't consider the 3553A factors as it relates to consecutive sentences? The latter, Your Honor. The judge did explain the 3553A factors with respect to the overall length of the sentence, but the problem here is the judge did not explain why he was imposing the sentences consecutively. The only mention- Was it a problem that he made an inaccurate statement in describing why he imposed the consecutive sentences? This was part of the problem, Your Honor. The only mention that the court below made of the decision to impose them consecutively was a misstatement of the law. Why don't you just stop there? Your Honor, this is a problem. Why don't we go on to the enhancements? Yes, Your Honor. Moving on to the vulnerable victim enhancements, the court exceeded its authority by considering an enhancement which was waived at all prior stages of litigation. Is this really something that could be waived, though? Because wasn't this a plenary remand? Your Honor, this resentencing was de novo with respect to the vacated charges and with respect to the 3553A factors. This court's law of the case doctrine governs in resentencings. So issues which are final, like the waived enhancement at the initial resentencing, cannot be re-enhanced. Would this enhancement have made any- We're talking about that- Which one are you talking about? The vulnerable victim. Would that enhancement have made any difference in this sentencing the first time around if it had been raised? Your Honor, it would have made a difference, and it did make a difference with respect to prison scoring. So if there are enhancements which are proven by preponderance of the evidence, it affects how the inmate is placed. The government also had an incentive to raise it at this point. But it wouldn't have affected the sentence, you would agree, the first time around. Your Honor, it would have affected how the judge views the case. It could affect the judge's discretion in terms of applying variances or departures. So we believe it would have still made a difference in the first case, even if it did not make a mandatory distinction. How could it impact the way that the judge imposes departures because the career offender applied, so what departure could the judge have not applied if the vulnerable victim enhancement was raised? Your Honor, the judge in his discretion could have applied a variance up or down. I may have misspoke with regard to the departure. In this Court's published opinion in Sador, when a defendant fails to object to the presence of enhancement, it is considered final. And in this Court's decision in Lara, just as criminal defendants can forgo rights or arguments, so too can the government. And explicit abandonment is not required to waive a right. Here, when the government failed to object to this enhancement, the enhancement was final. And the Court was wrong in considering this argument 10 years after the fact. When an enhancement is raised 10 years after the initial sentencing, it is very difficult for defendants like Mr. Lanier to challenge it. Evidence becomes stale. Witnesses' memories begin to fade. And it's fundamentally unfair for either party to have to litigate a new enhancement which had never been raised 10 years after the initial sentencing. Is your argument completely based on waiver for that? I mean, would you agree the facts would support an enhancement if there's not a waiver? Your Honor, we dispute the fact that the facts would lead to this enhancement. The vulnerable victim enhancement is designed to punish crimes that take advantage of vulnerable populations. There were children involved, right? Yes, Your Honor, there were. But we don't deny the specific facts. We deny that the facts lead to the specific application of the vulnerable victim enhancement. The proper time to challenge the facts would have been 10 years ago at the initial sentencing hearing. Because the government never raised this argument, there was no reason for the defendant to have to raise issues with the PSR in the application of this enhancement. I want to make sure I understand. As to the merits, let's say we reject the sort of waiver argument. If we go to the merits of the vulnerable victim enhancement, are you saying that that wouldn't apply on the merits? The vulnerable victim enhancement would not apply on the merits. Here in this case, Mr. Lanier, or excuse me, the defendants led the individuals out of the room to, in a sense, protect them. That is our understanding of the facts. Vulnerable victim enhancement is designed to punish defendants who prey on people like the elderly in scam calls or using individuals as tools. Here on the merits, the defendant moved the individuals out of the crime scene to protect them. This is not the vulnerable victim enhancement. What's our standard of review for the district court's finding on that? Your Honor, the application enhancements are de novo. Ultimately, the vulnerable victim enhancement rests on issues of fairness. Just as it's difficult in this case for the defendant to have to raise these issues in this enhancement, it could also be difficult for the government 10 years after the fact to find this evidence. Unfortunately, though, ultimately it rests harder on defendants because of their relative inability to gather this evidence in comparison to the prosecution's ability. But that was a trial here, so we just look at the trial record. Isn't that right, as it relates to this enhancement and whatever was presented at sentencing? Your Honor, the evidence in trial did not directly relate to this vulnerable victim enhancement. Weren't the children included in the testimony about the facts of the offense? The presence of the children? I mean, it would seem odd if that was not included. While I'm not entirely familiar if the children's testimony were part of the trial, the application of the vulnerable victim enhancement is fundamentally different than the underlying substantive offenses here. So to the extent that the litigant was able to cross-examine any witnesses at trial, it would be very different than objecting to whether they meet the legal standard of the vulnerable victim enhancement with regard to the sentencing hearing. This doesn't have anything really to do with anything. I'm just curious. Judge Camel would have been a fairly new district judge when he sentenced Mr. Lanier, and he was sentenced by somebody else previously, obviously. Yes. And somebody else presided over the jury trial. Yes. Okay. If there are no more further questions, I will reserve the rest of my time for rebuttal. Thank you. All right. Ms. Hardwell Davis. Thank you, Your Honor. I'm going to accuse the court Natasha Hardwell Davis on behalf of the United States. Mr. Lanier received a sentence at the bottom of his guidelines range, and that sentence was procedurally and substantively reasonable. There is no error, let alone any error that warrants a remand here. I'll start with the first issue, which deals with the consecutive sentences, and then turn to the vulnerable victim enhancement. Starting with the consecutive sentences, the court appropriately weighed on Mr. Lanier's sentences consecutively because the court considered the 3553A factors as applied to Mr. Lanier, determined that his total sentence should be 360 months, realized that under the statutory maximum of each count, which was capped at 240 months, he could not reach 360 months, so simply had to add sentences together to reach 360 months, which is very similar to how Mr. Lanier's sentence was constructed originally. The district court was incorrect in his statement that the guidelines required consecutive sentences, right? That is correct, Your Honor. That is a discretionary decision to run sentences consecutively, but I do want to clarify an issue of the required nature. I think an example that uses the word required in another context shows why there is no error here. If I have an itinerary that tells me that in order to go from Tennessee to Cincinnati, I am, quote, required to cross state lines, the required aspect doesn't come from the piece of paper telling me that I have to cross state lines. It comes from the reality that in order to get from one state to another, I have to cross state lines, and that's true with the mathematics here. So in order to get from 240, which was the statutory maximum on a single count, to 360, which was the total sentence that Mr. Lanier, excuse me, that the district court determined was appropriate, the court had to run the sentences consecutively, so it essentially had to add several sentences together in order to reach... But the problem here is that's not, and I understand your hypothetical, but that's not what the judge did here. He said he had to run it consecutive because the guidelines required him to do so, which seems a little bit different than the hypothetical that you presented. I don't think the district court said that he had to run them consecutive because of the guidelines. I think that the district court very much understood that the guidelines were advisory, and you can see that in the fact that the district court refers to the pre-sentence reports, which explicitly refer to Booker, and that the district court considered Mr. Lanier's request for a variance. So the district court was well aware that the guidelines are advisory, and I think the use of required, while perhaps unfortunate, does not require remand in this case. I don't think there is any aspect of running the sentences consecutively that would change on a remand. Unless the court has further questions on Issue 1, I'll turn to Issue 2. What about the consideration of the 3553A factors with respect to whether the sentences would run concurrently or consecutively? Was that done? Yes, Your Honor. As the appellant concedes, the district court did consider the 3553A factors immediately before imposing the consecutive sentence, and this court has said in Cochran that that is adequate. So as long as the district court is considering the 3553A factors and then imposing a consecutive sentence, it makes sense. It's kind of mathematically obvious that the district court, in considering the 3553A factors, has established the total sentence and is then structuring the sentence to meet the total sentence there. So it both accords with this court's case law in Cochran, and it also is consistent with a common-sense approach. Unless the court has further questions, I'll turn to Issue 2. That's fine. Okay, so turning now to Issue 2, which deals with the vulnerable victim enhancement, I think there are two keys to this issue. One is that it's harmless. So the district court was very clear, and this was at page 3080 of the sentencing transcript, that it would still sentence Mr. Lemire to 360 months, even if it did not apply the vulnerable victim's enhancement. So it actually went through and calculated the guidelines without applying the vulnerable victim's enhancement, determined that those guidelines would be 324 to 405 months, and said that the district court would still impose a 360-month sentence within that range. So at the very least, there's harmlessness. As to the merits issue, Mr. Lemire explicitly requested that the district court sentence him de novo. So in his filings, I believe it's filing 312, which is individually paginated, but I believe it's at page 10, Mr. Lemire explicitly requested that he receive a de novo resentencing. That's also consistent with how courts generally handle resentencing after vacating a 924C count for sentencing to 2255. The court applied the new guidelines, which were the 2018 guidelines, whereas it originally applied the 2012 guidelines. And it was appropriate for the court to reconsider the vulnerable victim enhancement. Also briefly, was the court just considering the trial transcript for determining whether this enhancement was appropriate? Yes, and that was actually the next point I was going to make, Your Honor. The testimony at trial explicitly discussed the children being separated at gunpoint from their caretakers. One of the children was as young as two. You can see that in the testimony from Ms. Beard. There's nothing here suggesting any evidence that was lost as a result of the space of time from the first statement? No, absolutely not, Your Honor. Everything that supported the vulnerable victim enhancement that the district court considered was coming from the record. And I'll just point the court particularly to page 881 of the trial transcript, where I believe Ms. Beard is testifying about how the robbers burst into the apartment, were pointing guns at she and Ms. Northern, who were the caretakers of the children, before children were frantic. And then a robber held both women at gunpoint and separated the children. So I think to describe it as an attempt to keep the children safe during an armed robbery is not one that I would agree with. I would also point out that at page 18 of the brief, appellant says that he's not contesting the description of events or the application of the guidelines to the extent that he is. Any determination by the district court as to the facts would be reviewed for clear error. And I also believe we want to talk about the fact that applying the guidelines below, well, not below, but at the original sentencing, would not have had any effect on Mr. Lanier's sentence. Mr. Lanier's sentence was controlled by the fact that he was a career offender, and so applying the victim enhancement would have actually resulted in the same 32 level. What about the point your opposing counsel made about affecting prison scoring? Would it have affected that? My first response to that, Your Honor, is that that was not raised in the briefs at all. So that is a new point that is being made at oral argument. Second, I'm not familiar with cases that have ever recognized that as a distinct harm, particularly a distinct harm that would require remand, particularly a distinct harm that would require remand where the defendant himself requested de novo resentencing. So where he has requested de novo resentencing, he is now upset that he received de novo resentencing. And I think it is fair and consistent with the law to affirm the district court for reconsidering the entire sentence, which again means requesting a new PSR, it means applying the 2018 guidelines as opposed to the 2012 guidelines, and also, in this case, reconsidering the vulnerable victims enhancement. And the last report has further questions on issues three and four. I will submit on the briefs. Okay. It doesn't appear there are further questions. No other questions. Counsel, you can take it. Thank you. I'd like to reread the quote with regard to the consecutive sentences. The judge said that the sentences are, quote, to run consecutively as required under Section 5G1.2D of the guidelines. And I would direct this court to this court's published opinion in Cochran, in which the court held that the 35-3 factors must be reapplied with respect to the consecutive sentences. They can be incorporated by reference, but Cochran does not say that the 35-53 factors with regard to the total length of the sentence is sufficient. And in Cochran itself, the defendant on remand, the sentence was changed. So this is not harmless error, so long as it goes before a judge again. Further, with regard to the de novo resentencing, the resentencing is de novo with regard to the vacated charges, not with regard to the entire resentencing. And in the 2255 proceeding, the court rejected that all the charges be vacated, only the relevant charges for vacated. So it's de novo with regard to the gun charges. Your client requested de novo resentencing. Is that how it? Your Honor, our client requested de novo resentencing with regard to the charges that were vacated. In the 2255, the court rejected vacating all of the charges and all of the enhancements. So this court should interpret that as de novo with regard to what actually was vacated, and with regard to the 35-53A factors. Further, going back to the consecutive sentences, the judge could have meant that the guidelines mathematically required it, but ultimately this strikes at the heart of the need for a judge to assert going through the 35-53A factors. Instead, we believe a better reading is that the judge misstated his authority and should have to go through the 35-53A factors. If there are no more questions. In conclusion, by failing to explain its decision to impose the consecutive sentences as is statutorily required, this court cannot meaningfully review the decision below. Instead, we're left with the court's words, that it falsely asserted and believed that it was required to do so under the guidelines. And by applying the waived vulnerable victim enhancement 10 years post sentencing, the court below denied Mr. Lemire the ability to defend against it. In light of these errors, we ask this court to reverse and remand for resentencing.  We appreciate the argument that both of you have given. We appreciate the Michigan Appellate Clinic's involvement, your supervision, Ms. Salinas, and appreciate your argument, Mr. McQuidwin. Thank you all. We'll consider the case carefully, of course.